James A. Murphy, Bar No. 82477
Jessica A. Thompson, Bar No. 257677
MURTAUGH MEYER NELSON & TREGLIA LLP
2603 Main Street, 9th Floor
Irvine, California 92614-6232
(949) 794-4000/FAX (949) 794-4099
jmurphy@mmnt.com
jthompson@mmnt.com

Attorneys for Defendants
AMERICAN RAMP COMPANY, INC., a Missouri Corporation, NATHAN BEMO, an individual, and SCHUBEMO HOLDINGS, INC., a Missouri Corporation

*NOTE CHANGES MADE BY THE COURT.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, NEVADA, NEW YORK, and TENNESSEE, and the COMMONWEALTHS OF MASSACHUSETTS and VIRGINIA ex rel. Spohn Ranch, Inc., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN RAMP COMPANY, INC., a Missouri Corporation, Nathan Bemo, an individual, SchuBemo Holdings, Inc., a Missouri Corporation, and DOES 1-10,<br><br>Defendants. | CASE NO. 2:10-cv-09785-DSF (AGRx)<br><br>Assigned to Hon. Dale S. Fischer<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Discovery Cut Off: July 14, 2014<br>Motion Cut Off: August 25, 2014<br>Trial Date: December 2, 2014<br><br>*NOTE CHANGES MADE BY THE COURT.* |

It is hereby stipulated and agreed by and between counsel of record for Plaintiff/Relator Spohn Ranch, on the one hand, and counsel of record for Defendants American Ramp Company, Inc., Nathan Bemo, and Schubemo Holdings, Inc., on the other hand,[1] that this Stipulated Protective Order (the "Order") shall govern the designation and handling of confidential documents

---

[1] Collectively, Spohn Ranch and Defendants shall be referred to as the "Parties."

and information produced in discovery in this litigation by the Parties or their legal representatives.

Good cause exists to grant this Protective Order because the Parties are competitors in the skate park design, manufacturing, and production industry, and the Parties are seeking certain documents and information in discovery (e.g., price and customer lists, profit and loss statements, financial records, marketing, engineering and manufacturing techniques, and costs of goods), which, if disclosed to each other without restriction, to the public, or the Parties' competitors, would unnecessarily invade the protectable interests, including privacy and trade secrets, of the Parties.

Thus, this information requires special protection from disclosure.

1. **_Applicability of Order_**. The terms of this Order shall govern documents, testimony, property, written discovery responses, or other information furnished by any party, or person, to any other party in this action. The information protected includes, but is not limited to, disclosures, responses to requests to produce documents or things, responses to subpoenas, any inspection of property, responses to interrogatories, responses to requests for admission, deposition testimony, and all copies, extracts, summaries, compilations, designations and portions thereof.

2. **_Protected Information_**. In connection with disclosures and discovery proceedings in this action, the Parties may designate any document, thing, material, item, testimony or other information derived therefrom, as "Confidential" or "Confidential – Counsel Only" under terms of this Order. Confidential Material is information that has not been made accessible to the public or made public by the designating party and which constitutes proprietary business information and/or trade secrets, including: confidential customer and client identification; proprietary licensing, design, engineering, research, development; proprietary manufacturing and installation techniques and

information; confidential marketing techniques, tactics, plans, strategies, designs, and targets; confidential sales techniques, projections, and information; confidential production information or data; confidential purchasing information; confidential product formulas; confidential pricing information; proprietary licensing; nonpublic contracts; confidential personal information of third parties; information subject to a legally protected right of privacy; financial or personal information.  Information shall be "Confidential" only to the extent such information is protected from disclosure under California law and/or FRCP 26(c).  The Parties do not intend to expand the scope of protected information beyond what existing law provides.

By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" or "Confidential – Counsel Only" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Fed. R. Civ. Proc. 26(g).

For a designation of Confidential Material as "Confidential – Counsel Only," the source must additionally believe in good faith that the Confidential Material is of such a highly commercially sensitive nature (such as certain documents or information reflecting, containing or derived from confidential pricing, production cost, marketing, strategic planning or customer information) that its disclosure must be restricted to: (1) counsel of record (including members or associates of such counsel's firm) for the Parties, as well as other employees of such counsel's firm, including paralegal, investigative, secretarial personnel, clerical personnel, and document management vendors who are engaged in assisting counsel in this lawsuit; (2) counsel representing any insurer or indemnitor of any Defendant, and said counsel's related support staff; and (3) outside experts not employed by or affiliated with any party and retained by counsel for consulting and/or testifying in this lawsuit.

3. **_Designation_**. The designation of information or material as "Confidential" or "Confidential – Counsel Only" for purposes of this Order shall be made in the following manner by the party or non-party seeking protection:

    a. In the case of documents, exhibits, briefs, memoranda, written discovery responses, or other material (apart from depositions or other pretrial ~~or trial~~ testimony), by affixing the legend "CONFIDENTIAL" or "Confidential – Counsel Only" to the first page and to each page containing any Confidential Information or Material (or, in the case of an entire confidential file folder, to the outside of the folder itself) at the time such documents are produced or such information is disclosed, or within 15 days of production or disclosure of such confidential information or material in the event the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed subsequent to the date the information or material was disclosed or produced. In no event shall the "CONFIDENTIAL" or "Confidential – Counsel Only" legend interfere with the legibility of information contained in the document.

    b. In the case of information or material produced in an electronic medium (such as floppy diskette, CD, DVD, or tape), by marking or labeling the medium container with the "CONFIDENTIAL" or "Confidential – Counsel Only" label and designating the e-documents themselves "CONFIDENTIAL" or "Confidential – Counsel Only." If any person or entity who receives such a designated electronic medium prints or otherwise transfers to another medium any of the information contained on the electronic medium, any resulting document or other medium produced or used in the litigation shall be marked by that person or entity as Confidential Material in accordance with subsection 3(a).

    c. In the case of depositions,

        i. By written notice of such designation sent by counsel

1  to all Parties within fourteen (14) days after receipt by counsel of the final
2  certified deposition transcript; or
3        ii. During a deposition, the deponent or deponent's
4  counsel, or any other counsel of record present at the deposition, may invoke the
5  provisions of this Order on the record in a timely manner, giving adequate
6  warning to counsel for the party or non-party that testimony about to be given or
7  just given is deemed Confidential Material.
8        iii. The Parties may modify this procedure for any
9  particular deposition or proceeding through mutual agreement on the record at
10 such deposition or proceeding, or otherwise by written stipulation, without
11 further order of the Court.
12       iv. If any document or information designated
13 "Confidential" or "Confidential – Counsel Only" pursuant to this Order is used
14 or disclosed during the course of a deposition, that portion of the deposition
15 record reflecting such material shall be stamped with the appropriate designation
16 and access shall be limited pursuant to the terms of this Order. The Court
17 reporter for the deposition shall mark the deposition transcript cover page and all
18 appropriate pages or exhibits, and each copy thereof, in accordance with
19 paragraph 3(a) of this Order. Only individuals who are authorized by this Order
20 to see or receive said Confidential Material may be present during the discussion
21 or disclosure of such material.
22       v. The Parties acknowledge that the invoking of this
23 provision may require the exclusion of certain persons from the deposition, as
24 appropriate. Upon invoking of this provision, the invoking party shall only
25 request the exclusion of a person based upon a good-faith belief of the necessity
26 for such, and the other party or parties shall reasonably accommodate all such
27 requests.
28    4. **_Right to Designate_**. Any information or materials produced by any

party, or nonparty, as part of disclosures or discovery in this action may be designated by any party or non-party as "Confidential" or "Confidential – Counsel Only" under the terms of this Order, whether or not the designating party itself produced the information or materials.

5. *Use of Information Disclosed/Produced Pursuant to this Order*. Material designated as "Confidential" or "Confidential – Counsel Only" under this Order, the information contained therein, and any summaries, copies, abstracts, compilations or other documents derived in whole or in part from material designated as "Confidential" or "Confidential – Counsel Only" (hereinafter "Confidential Material") shall be used solely for this litigation shall not be disclosed outside of this litigation, and shall not be used for any individual, business, competitive, or any other purpose except as allowed in this Order. Further, Confidential Material shall not be disclosed or used by persons other than those identified in paragraphs 7 and 8, and shall not be disclosed to anyone except as allowed herein.

6. *Inadvertent Disclosure/Misdesignation*. If a party inadvertently produces Confidential Material without marking it as such, the producing party shall promptly, upon discovery of such inadvertent disclosure, so advise the receiving party in writing. The receiving party shall thereafter treat the information or materials as "Confidential" and/or "Confidential – Counsel Only" under this Order upon being informed of the appropriate designation by the producing party. To the extent such information or materials may have been disclosed to persons other than authorized persons described in this Order prior to discovery of the mistake, the receiving party shall make every reasonable effort to retrieve the Confidential Material and limit any further disclosure to, or use by, non-authorized persons. If any Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party

must immediately: (a) notify in writing the Designating and Producing Parties of any and all unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) use its best efforts to obtain an executed "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A hereto) from any and all such person(s) to whom unauthorized disclosures were made.

7. **_Disclosure to Certain Individuals - Court & Counsel_**. Confidential Material may be delivered, exhibited, produced or disclosed to the Court, counsel representing the Parties in this action, counsel representing any insurer or indemnitor of any defendant, and to counsel's support staff, i.e. any paralegal, clerical, secretarial staff, or document management vendor employed by such counsel.

8. **_Disclosure to Certain Individuals – Others._** Confidential Material may also be delivered, exhibited, or disclosed, subject to paragraphs 9 through 11, below, to the following "qualified persons":

    a. A party, or an officer, director, or employee of a party reasonably deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. Any expert or consultant (together with their clerical staff) interviewed for retention and/or retained by counsel to assist in the preparation of this case or to testify at trial or any proceeding in this action;

    c. Any person testifying at a deposition, or hearing of this action; [AGR]

    d. Any person who authored or previously received the material, as evidenced by the material itself;

    e. Any actual or potential witness, including former employees, officers, and agents of a party, provided there is a reasonable basis to believe that

the witness will give testimony regarding the Confidential Material.

f. Any court reporter(s), certified interpreters, stenographers, or videographers employed in this litigation in that capacity;

g. Any Mediator(s) and/or Discovery Referee(s) employed in connection with this action; and

h. Any other person as to whom the Parties agree in writing.

9. **_Disclosure of "Confidential – Counsel Only" Confidential Material._** Without prior written permission from the designating party, Confidential Material designated as "Confidential – Counsel Only" or information derived therefrom may be disclosed or communicated in any way only to the following persons:

a. Counsel of record for the Parties (including members or associates of such counsel's firm, but excluding any in-house lawyers of the Parties not actively litigating this action), as well as other employees of such counsel's firm, including paralegal investigative, secretarial and clerical personnel who we engaged in assisting such counsel in this lawsuit;

b. Counsel representing any insurer or indemnitor of any Defendant, and said counsel's related support staff;

c. Any outside consultant or expert (including their staff) not employed by or affiliated with any party, but retained by counsel for consulting and/or testifying in this lawsuit;

d. Witnesses who appear for deposition, ~~trial~~ or hearing in this matter, but only: (1) in preparation for the deposition, ~~trial~~ or hearing, or (2) during the deposition, ~~trial~~ or hearing; and provided (i) the witness is advised of the need to keep the DOCUMENTS confidential and of this Order, and (ii) the witness is identified as originator, signatory, author, addressee, recipient or subject of the version of the Confidential Material to be disclosed; the witness is otherwise entitled under this Stipulated Protective Order to see the version of the

*AGR* [handwritten initials in margin]

Confidential Material to be disclosed; or the designating party has given its prior permission for the witness to see the version of the Confidential Material to be disclosed, provided, however, that in no event will an individual to whom disclosure is permitted under Paragraph 8(c) be permitted to retain a copy of the disclosed Confidential Material not already within that individual's possession;

  e. The Court and its staff;

  f. A Mediator or Mediators appointed by the Court or agreed to by the Parties;

  g. Any Discovery Referee(s) employed in connection with this action;

  h. Any court reporter(s), certified interpreter(s), stenographer(s), or videographer(s) employed in this litigation in that capacity;

  i. Third-parties specifically retained to assist counsel in copying and imaging documents, provided that all such documents are kept and maintained in a separate and secure place; and

  j. Any other person to whom the producing party agrees in writing.

  10. **_Disclosure Agreements_**. Any party desiring to reveal Confidential Material to any of the "qualified person(s)" referred to in paragraph 8(a), 8(b), 8(c), 8(d), 8(e), and 8(h), shall first provide a copy of this Order and obtain from each such "qualified person" a signed nondisclosure agreement in the form of Attachment A. Counsel for the party that disclosed the information shall retain all original signed nondisclosure agreements obtained from any person pursuant to this paragraph. Upon request, copies of executed nondisclosure agreements shall be produced by counsel to the opposing counsel, with the exception of nondisclosure agreements from consultants and expert witnesses. Nondisclosure agreements from consultants and expert witnesses shall be produced at the time of expert witness designations.

11. **_Limitations on Industry Disclosure_**. Notwithstanding the provisions of paragraphs 7 through 10, Confidential Material produced pursuant to this Order shall not be provided, shown, made available or communicated in any way to any person or entity who is employed by any business which is known to be a customer, client, vendor, or competitor of American Ramp Company[2] or Spohn Ranch[3], except insofar as the information pertains to that specific business entity or person. For purposes of this paragraph, no named party to this litigation shall be deemed to be a customer, client, vendor or competitor. Prior to disclosure of Confidential Material, the disclosing party shall make reasonable inquiry to ascertain that the person or entity to be provided with confidential information is not an employee of a business which is a customer, client, vendor or competitor of American Ramp Company or Spohn Ranch.

12. **_Limitations on Public Disclosure_**. Notwithstanding the limitations of paragraphs 7 through 10, Confidential Material produced pursuant to this Order, and which continues to be information that would qualify for protection under California or Federal law, may not be delivered, exhibited, or otherwise disclosed to any reporter, writer or employee of any newspaper, magazine, broadcasting company, trade publication, or other media organization, nor shall any Confidential Material be circulated, delivered, exhibited, posted, or otherwise disclosed on the internet, including but not limited to through websites, blogs, social medial, discussion forums, discussion boards, chat rooms, public file/video sharing mediums, or any other means of digitally transmitting, sharing, or communicating information.

13. **_Protecting Confidential Materials_**. No person or party receiving any Confidential Material under this Order shall disclose the protected

---

[2] As used herein, "American Ramp Company" shall include all parent companies, subsidiaries and affiliates of Schubemo Holdings, Inc.
[3] As used herein, "Spohn Ranch" shall include all parent companies, subsidiaries, and affiliates of Spohn Ranch.

information to anyone except as permitted under this Order, and all such disclosures shall be pursuant to the terms and procedures provided herein. Further, each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use and dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Order.

14. **Use of Confidential Material by Designating Party**. This Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential, proprietary, or Confidential Material for any purpose.

15. **Use of Independently, Lawfully Obtained Confidential Material**. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as Confidential Material if obtained lawfully and independent of any proceedings in this action, or which:

    a. Was already in the possession of such party by lawful means prior to its acquisition from, or disclosure by, the other party in this action;

    b. Is or becomes publicly known as a result of publication not involving a violation of this Order; or

    c. Is rightfully received by such party from a third party who has authority to provide such information or material without restriction as to disclosure.

The provisions of this paragraph shall not relieve any party of any independent confidentiality obligation imposed by law upon the party.

16. **Substantial Compliance**. A designation that fails to state the precise letters and/or symbols contained in the word "Confidential" or phrase "Confidential – Counsel Only," when otherwise made in good faith, shall constitute as adequate designation of the information or material as "Confidential" and/or "Confidential – Counsel Only" for purposes of this Order,

provided that a reasonable person would understand the erroneous designation to mean the same thing as the accurate designation.

17. **_Modification_**. Any of the Parties shall be entitled to seek modification of this Order by application to the Court, upon written notice to the other party, for good cause.

18. **_Contesting Designation_**. This Order shall be without prejudice to the right of any party to bring before the Court, or any magistrate or other discovery referee hearing such matters in lieu of the Court pursuant to Court order or stipulation of the Parties, at any time, the question of whether any particular Confidential Material is or is not "Confidential" or "Confidential – Counsel Only" in any respect, whether such information is designated or categorized properly as "Confidential" or "Confidential – Counsel Only," or whether, despite such designation, disclosure during motion practice ~~or at trial~~ in open court is nevertheless necessary in the interests of justice. This Order is further without prejudice to any party's right to present a motion to the Court under Fed. R. Civ. Pro. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

    a. Any party who objects to the designation of any material marked "Confidential" or "Confidential – Counsel Only" shall make such objection in writing to the designating party. Should the Parties be unable to resolve such a dispute informally, which shall include compliance with Local Rule 37.1, within ten (10) days of such objection, or within an alternate extended period of time agreed to by the Parties, the objecting party shall promptly submit the dispute to the Court for resolution. The Parties shall provide the Court with a written stipulation of the dispute pursuant to Local Rule 37-2 and comply with the procedures set forth in all respects. On any motion brought before the Court by the objecting party, the burden of proof and persuasion shall be on the party

seeking to mark the document or information confidential to demonstrate to the Court that the information disclosed should be treated as Confidential Material. Any material whose designation as Confidential is objected to shall remain Confidential and be treated as such in accordance with the requirements of this Order, pending final determination by the Court or, if appeal is taken, pending final determination of the appeal

19. **<u>Submitting Confidential Materials to the Court</u>**. If any party wishes to file Confidential Material so designated by another party, the submitting party must give any designating party five (5) calendar days notice of intent to file. In filing with the Court Confidential Material so designated pursuant to this Order, the Parties shall comply with Local Rule 79-5. Confidential Material submitted to the Court shall not lose its status through such use and the Parties shall take all reasonable steps to protect and maintain such status.

20. **<u>Inadvertent Disclosure of Confidential Materials</u>**. In the event of an accidental or inadvertent disclosure of Confidential Material, or information that is, or appears to be, privileged and/or confidential, other than in a manner authorized by this Order, the disclosing person shall promptly (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Order. No information shall lose its confidential status because that information was inadvertently disclosed to a person not authorized to receive it under this Order.

21. **<u>Information Protected by Privilege, Work Product or Other Doctrine</u>**. This Order is entered solely for the purpose of facilitating the exchange of material without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any material under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party of any evidentiary privileges or

1. confidential status of materials, or altering the confidentiality or non-confidentiality of any such material, or altering any existing obligation of any party of the absence thereof.

22. **_Pretrial Order_**. This Order is strictly a pretrial order and does not govern the trial in this action. Production of Confidential Material pursuant to this Order does not waive the right to assert confidential status at trial to preclude admission into public record and/or use at trial.

23. **_Conclusion and Destruction_**. The provisions of this Order shall, absent written permission of the designating party, or order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom, to the extent that the information contained in Confidential Material is not or does not become known to the public~~, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder~~.

Within 60 days after receipt of notice of entry of an order, judgment, award or decree fully and finally disposing of this action, including all appeals therefrom, all persons having received information or material designated as "Confidential" or "Confidential – Counsel Only" hereunder shall return all such information, documents or materials to the designating party. In the alternative, within the same 60-day time period, with the advance written consent of the designating party, all Confidential Materials may be permanently destroyed.

Counsel for the Parties shall be entitled to retain court papers, exhibits, depositions and trial transcripts and attorney work-product provided that such counsel, and employees of such counsel, shall not disclose such court papers, exhibits, deposition and trial transcripts, or attorney work-product to any person except pursuant to this Order or agreement with the producing party.

Furthermore, nothing in this Order shall require counsel for the Parties to delete electronic copies of Confidential Material maintained in an electronic or

1  internet based document management system, or any archived copies of such
2  Confidential Material imaged in accordance with counsel's firm's document
3  retention policy, provided counsel shall restrict access to said electronic copies in
4  accordance with this Order.
5      24. **_Non-Interference with Obligations_**. ~~This Order shall not abrogate~~
6  ~~or diminish any contractual, statutory, or other legal obligation or right of any~~
7  ~~party or person.~~ Neither the taking of any action in accordance with the
8  provisions of this Order, nor the failure to object to an action, shall be construed
9  as a waiver of any claim or defense. Furthermore, this Order, except as expressly
10 provided herein, shall not relieve any party, person or entity of the obligation of
11 producing information in the course of discovery. Nothing in this Order shall be
12 construed to prohibit the party, person or entity that produces or discloses
13 protected information under this Order from using such protected information for
14 any purpose for which it could or would have otherwise been used lawfully if
15 this litigation had not been commenced.
16     25. **_Non-Waiver of Objections_**. This Order shall not be deemed or
17 construed as a waiver of any right to object to the furnishing of information in
18 response to any discovery request on any grounds other than confidentiality as
19 contemplated herein, nor shall this Order be deemed or construed as a waiver of
20 the right of any party, person or entity to oppose the production of any
21 documents or information on any grounds. Furthermore, nothing in this
22 Protective Order shall be construed to limit, restrict or otherwise affect the ability
23 of any party to seek the production of documents, testimony or information from
24 any source.
25     26. **_Disclosure from Outside Demand_**. In the event that any party or
26 counsel for any party receives a demand or request to produce or disclose
27 Confidential Material, or is informed that a demand or request for Confidential
28 Material has been made to any recipient of Confidential Material under the terms

(Margin annotation: "AGR")

of this Order, by any government agency in connection with another investigation, proceeding, or lawsuit, or from any persons or entity for any reason that is not part of this action, that party or counsel shall, within five (5) business days after receipt of such demand or request (or upon being informed of such demand or request), send written notice to counsel for the Parties herein of the identity of the person or entity making the demand or request, the recipient of the demand or request, the nature of the material requested or demanded, and the date on which the protected information is to be produced or disclosed, if at all. The request or demand, be it in the form of subpoena, letter or otherwise, shall be attached to the written notice to all counsel.

27.  **_Inclusive_**. Whenever the context so requires in this Order, all words used in the singular shall be construed to have been used in the plural (and vice versa), each gender shall be construed to include the other genders, and the word "person" shall be construed to include a natural person, a corporation, a firm, a limited liability company, a partnership, a joint venture, a trust, an estate, or any other entity.

Dated: October 3, 2012          DERMER BEHRENDT

                                          /s/
                          By: _____
                              Kevin Behrendt
                              Jeffrey D. Dermer
                              Attorneys for Relator/Plaintiff SPOHN RANCH, INC.

///

///

///

| | | |
|---|---|---|
| 1 | Dated: October 3, 2012 | THEODORA ORINGHER PC |
| 2 | | |
| 3 | | /s/ |
| 4 | | By: _____ |
| 5 | | Scott K. Behrendt |
| 6 | | Eric R. Luschei |
| 7 | | Attorneys for Relator/Plaintiff SPOHN RANCH, INC. |
| 8 | Dated: October 3, 2012 | MURTAUGH MEYER NELSON & TREGLIA LLP |
| 9 | | |
| 10 | | |
| 11 | | By: _Jessica A. Thompson_ |
| 12 | | James A. Murphy |
| 13 | | Jessica A. Thompson |
| 14 | | Attorneys for Defendants AMERICAN RAMP COMPANY, INC., a Missouri Corporation, NATHAN BEMO, an individual, and SCHUBEMO HOLDINGS, INC., a Missouri Corporation |
| 15 | | |
| 16 | IT IS SO ORDERED. | |
| 17 | Dated: October 5, 2012 | |
| 18 | | By: _Alicia G. Rosenberg_ |
| 19 | | United States Magistrate Judge |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, NEVADA, NEW YORK, and TENNESSEE, and the COMMONWEALTHS OF MASSACHUSETTS and VIRGINIA ex rel. Spohn Ranch, Inc., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN RAMP COMPANY, INC., a Missouri Corporation, Nathan Bemo, an individual, SchuBemo Holdings, Inc., a Missouri Corporation, and DOES 1-10,<br><br>Defendants. | CASE NO. 2:10-cv-09785-DSF (AGRx)<br><br>EXHIBIT "A"<br><br>NONDISCLOSURE AGREEMENT REGARDING STIPULATED PROTECTIVE ORDER<br><br><br>Discovery Cut Off: July 14, 2014<br>Motion Cut Off: August 25, 2014<br>Trial Date: December 2, 2014 |

I hereby solemnly swear under the laws of the United States that I have read and understand the terms of the Stipulated Protective Order entered in the above captioned case, entitled *United States, ex rel. v. American Ramp Company, et al.*, Civil Action No. 2:10-cv-09785-DSF (AGRx). I recognize that I am bound by the terms of that Stipulated Protective Order and I agree to comply with those terms. I agree not to disclose information designated there under as

820903

- 1 -

EXHIBIT A TO STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1 | "Confidential Material" to any person not entitled to access to such information |
| 2 | under the Protective Order. I further agree to use confidential material only in |
| 3 | connection with this litigation and not for any other purpose, and in accordance |
| 4 | with the limitations and terms of the Protective Order. |
| 5 |     I hereby consent to the jurisdiction of the United States District Court for |
| 6 | the Central District of California with respect to any proceedings relative to the |
| 7 | enforcement of that Protective Order. |
| 8 | Dated: |
| 9 | |
| 10 | By: _____ |
| | [Signature] |
| 11 | |
| 12 | Name: |
| 13 | _____ |
| 14 | Business Address: |
| 15 | _____ |
| 16 | Home Address: |
| 17 | _____ |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |